# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MILTON AL STEWART,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>       Plaintiff,<br><br>       v.<br><br>ZOLTEK CORPORATION<br>       Defendant. | CIVIL ACTION<br>CASE NO. 4:21-cv-295<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT – Labor**<br>29 U.S.C. § 651, et seq. |

## COMPLAINT

Plaintiff, Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to enjoin Defendant Zoltek Corporation ("Zoltek") from violating section 11(c) of the Occupational Safety and Health Act of 1970, as amended ("the Act"), (29 U.S.C. § 651 *et seq*.), and for a judgment against Defendant for back wage compensation, reinstatement and/or front wages, and any other appropriate relief found due by the Court.

### I

Jurisdiction of this action is conferred upon the Court by section 11(c)(2) of the Act (29 U.S.C. § 660(c)(2))(the "Act").

### II

Defendant Zoltek is a Missouri corporation with its principal place of business located at 3101 McKelvey Rd in St. Louis, Saint Louis County, Missouri. Defendant operates a manufacturing facility located at 27 Guenther Blvd in St. Peters, Saint Charles County, Missouri ("St. Peters Facility"). As such, venue is proper in the Eastern District.

### III

Defendant is a "person" as defined by section 3(4) of the Act (29 U.S.C. § 652(4)) because it is a corporation.

IV

Defendant is an "employer" as defined by section 3(5) of the Act (29 U.S.C. § 652(5)) because it is a person engaged in a business affecting commerce who has employees.

V

At all times material to this case, Defendant employed Antonio Norman as a production operator and a "Take-Up Lead" operator in the Take-Up department at Defendant's St. Peters Facility.  Mr. Norman worked for Defendant for approximately two years from June 2017 to April 18, 2019.  Mr. Norman was an employee who was employed by an employer as defined by section 3(6) of the Act (29 U.S.C. § 652(6)).

VI

On April 3, 2019, Mr. Norman was working as a production operator when a third-party auditor conducted an audit of Defendant's St. Peters Facility in order to evaluate Defendant for certification under the International Organization for Standardization (ISO).

VII

The third-party auditor, accompanied by representatives of Defendant including a plant manager, arrived at the Take-Up department where Mr. Norman was working on April 3, 2019. The third-party auditor spoke with employees in the department including Mr. Norman.  As part of these discussions, Mr. Norman provided information to the third-party auditor about his duties, his responsibilities and the manufacturing processes.  Mr. Norman also communicated to the third-party auditor a concern for workplace safety at the facility.

VIII

As soon as Mr. Norman attempted to express his concern for workplace safety to the third-party auditor, Defendant's plant manager halted the discussion.  The manager immediately directed the third-party auditor away from Mr. Norman.  The manager then reported Mr. Norman's comments and interaction with the third-party auditor to Defendant's human resources department.

### IX

On April 3, 2019, within hours of Mr. Norman's discussion with the third-party auditor, Defendant's human resources department informed Mr. Norman that he was placed on indefinite suspension without pay, effective April 4, 2019, pending an investigation by the human resources department into the interaction with the third-party auditor.  On April 8, 2019, Defendant converted the suspension to a paid suspension.

### X

On April 4, 2019, Mr. Norman made an anonymous safety complaint to the Occupational Safety and Health Administration ("OSHA"), a component of the U.S. Department of Labor, regarding safety and health hazards at the St. Peters facility.  OSHA notified Defendant on April 4, 2019 that OSHA had received a complaint of alleged workplace hazards at the St. Peters facility.

### XI

On April 18, 2019, approximately two weeks after Mr. Norman's discussion with the third-party auditor, Defendant – through its Vice President of Human Resources - fired Mr. Norman.

### XII

Mr. Norman filed a formal whistleblower complaint with OSHA on April 25, 2019, alleging that Defendant discriminated against him in violation of section 11(c) of the Act in that Defendant initially suspended then ultimately fired him in retaliation for his efforts to remedy safety and health hazards in the workplace.

### XIII

The Secretary thereafter investigated Mr. Norman's complaint in accordance with section 11(c)(2) of the Act and determined that Defendant violated section 11(c)(1) of the Act when it discharged Mr. Norman because he had reported safety and health concerns to the third-party auditor on April 3, 2019.

## XIV

By the acts described above, Defendant knowingly, maliciously, and intentionally discriminated, and is continuing to discriminate, against Mr. Norman because of his exercise of rights under or related to the Act, and thereby engaged in, and is continuing to engage in, conduct in violation of §11(c) of the Act.

## XV

Mr. Norman has been damaged as a result of Defendant's wrongful conduct.  He has suffered lost past and future wages, pain and suffering, emotional harm, and other consequential damages.

## XVI

Defendant's conduct was done knowingly, with reckless disregard of Mr. Norman's rights.  Accordingly, Mr. Norman is entitled to punitive damages.

## XVII

To date, Defendant has failed to reinstate Mr. Norman or compensate him for lost wages and other damages suffered as a result of his unlawful discharge, in continued violation of section 11(c) of the Act (29 U.S.C. § 660(c)(1)).

**WHEREFORE**, cause having been shown, the Secretary prays for judgment against Defendants as follows:

(1) For an Order permanently enjoining and restraining Defendant and its officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of section 11(c)(1) of the Act (29 U.S.C. § 660(c)(1)); and

(2) For all appropriate relief, including payment to Antonio Norman for lost wages and benefits, including interest thereon; future lost wages and benefits; compensatory damages, including damages for emotional distress and pain and suffering; consequential damages for harm resulting from Defendant's discrimination; punitive damages to deter Defendants conduct in the future; and pre- and post-judgment interest;

(3)      For an Order requiring posting in a prominent place for 60 (sixty) consecutive days and compliance with a Notice stating Defendants will not in any manner discriminate against employees because of engagement, whether real or perceived, in activities protected by §11(c) of the Act and for costs of this action; and

(4)      For an Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 9th day of March, 2021.

> Elena S. Goldstein
> Deputy Solicitor of Labor
>
> Christine Z. Heri
> Regional Solicitor
>
> Evert H. Van Wijk
> Associate Regional Solicitor
>
> /s/Megan J. McGinnis
> Megan J. McGinnis
> Trial Attorney
> 24618KS
> 2300 Main Street, Suite 1020
> Kansas City, MO 64108
> (816) 285-7260
> (816) 285-7276 (direct)
> (816) 285-7287 (fax)
> mcginnis.megan.j@dol.gov
>
> U.S. Department of Labor
> Attorneys for Plaintiff